IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GABRIEL ISHAM PITTMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 3:20-cv-138 |
| vs. ) | Judge Stephanie L. Haines |
| ) | |
| DONALD TRUMP, *et al.*, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This is a closed civil action that Gabriel Isham Pittman ("Plaintiff"), a prisoner incarcerated at SCI-Houtzdale, sought to bring against ten defendants, including, *inter alia*, the former President of the United States and the Governor of Pennsylvania, alleging "myriad constitutional challenges" [Doc. 1-1]. This matter was referred to Magistrate Judge Keith A. Pesto for proceedings in accordance with the Federal Magistrates Act, 28 U.S. C. § 636, and Local Civil Rule 72.D.

**I.   Procedural Background**

On July 20, 2020, Plaintiff attempted to file a "notice of constitutional challenges" [Doc. 1-1] along with a motion for declaratory judgment, injunctive relief and a temporary restraining order [Doc. 1-2]. Plaintiff neither paid the filing fee nor submitted an *in forma pauperis* motion [Doc. 1]. On July 22, 2020, Judge Pesto submitted an Order and Report and Recommendation directing the Clerk to mark this matter administratively closed until Plaintiff paid the filing fee of $400 [Doc. 2]. Judge Pesto determined that Plaintiff is <u>not</u> entitled to proceed *in forma pauperis* because he previously filed at least three actions in federal court that were dismissed for failure to state a claim, or as frivolous or malicious, and he did not allege any facts indicating that he is in imminent danger of serious physical injury [*Id.* at 2-3]: 42 U.S.C. § 1915(g).

1

Judge Pesto further recommended that this matter be dismissed for failure to prosecute if Plaintiff did not pay the filing fee, or file objections to the Report and Recommendation, on or before August 10, 2020. *Id.* Plaintiff neither paid the filing fee nor filed objections within the allotted time frame. Accordingly, on August 17, 2020, this Court entered an order adopting the Report and Recommendation and dismissing this case with prejudice for failure to prosecute [Doc. 3].

On August 24, 2020, two weeks after objections to the Report and Recommendation were due, and seven days after the Court's order dismissing this case with prejudice was entered, Plaintiff filed a pleading styled a "notice of no consent [to the involvement of a Magistrate Judge]/motion to file objections/objections to the Report and Recommendation/motion for Rule 60(b) relief" [Doc. 5]. On August 25, 2020, Judge Pesto submitted a second Order and Report and Recommendation [Doc. 6] recommending the denial of all relief requested in Plaintiff's multi-pronged pleading. Plaintiff was advised that he had 14 days to file written objections.

On September 14, 2020, Plaintiff filed objections to Judge Pesto's August 25, 2020, Report and Recommendation, along with a motion to alter or amend this Court's order dated August 17, 2020 [Doc. 9]. On September 23, 2020, Judge Pesto submitted a third Order and Report and Recommendation recommending that Plaintiff's motion to alter or amend this Court's prior order be denied [Doc. 11]. Plaintiff again was advised that he had 14 days to file written objections. On October 6, 2020, Plaintiff filed his written objections to the third Report and Recommendation [Doc. 12].

**II.    Standard**

When a party timely objects to a magistrate judge's report and recommendation, the district court must "make a de novo determination of those portions of the report or specified

2

proposed findings or recommendations to which objection is made." *EEOC v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017) (quoting 28 U.S.C. § 636(b)(1)); *see also* Local Civil Rule 72.D.2.

### III.     Discussion

#### A.     The August 25, 2020, Report and Recommendation [Doc. 6]

Judge Pesto's August 25, 2020, Report and Recommendation [Doc. 6] recommends the denial of all relief requested by Plaintiff in his August 24, 2020, pleading [Doc. 5]. Plaintiff's pleading encompasses a motion for extension of time to file objections to the July 22, 2020, Report and Recommendation, as well as a Rule 60(b) motion seeking to vacate the judgment in an entirely separate case before a different member of this Court, *Pittman v. Trump*, Case No. 17-cv-163-KRG-KAP (W.D.Pa. December 12, 2018) *appeal dismissed*, No. 19-1141 (3d Cir. August 13, 2019), and requesting that the complaint in the present case be construed as an amended complaint in that previously dismissed case. The pleading also contains Plaintiff's "notice" to the Court that he does not consent to the involvement of a Magistrate Judge in this matter.

Upon de novo review of the record and the Report and Recommendation, and pursuant to Local Civil Rule 72.D.2, the Court will accept in whole Judge Pesto's recommendation that Plaintiff's pleading [Doc. 5] be denied in its entirety. As an initial matter, this Court notes that Plaintiff's pleading was untimely filed <u>after</u> this case already was dismissed with prejudice based on Plaintiff's failure to pay the required filing fee. As Judge Pesto explains in the Report and Recommendation, Plaintiff is a "three-strike" litigant under the Prison Litigation Reform Act, 28 U.S.C. § 1915(g). As such, he cannot bring a civil action without paying the filing fee unless he is under imminent danger of serious physical injury. Plaintiff was advised of this fact in the first Report and Recommendation, but he failed to pay the filing fee as directed or to timely file

objections alleging imminent danger. Moreover, he made no effort to allege that he is in imminent danger of serious physical injury in his multi-pronged pleading requesting multiple other forms of otherwise unavailable relief [Doc. 5], and he likewise failed to so allege in his objections [Doc. 9] to the August 25, 2020, Report and Recommendation. For the reasons set forth in Judge Pesto's second Report and Recommendation [Doc. 6], the Court agrees that Plaintiff's multi-pronged pleading should be denied.

### B. The September 23, 2020, Report and Recommendation [Doc. 11]

Along with his objections to the August 25, 2020, Report and Recommendation, Plaintiff filed a motion to alter or amend this Court's August 17, 2020, order [Doc. 3] dismissing this case with prejudice for failure to pay the filing fee. Judge Pesto's September 23, 2020, Report and Recommendation [Doc. 11] recommends the denial of Plaintiff's motion to alter or amend for the identical reason that Plaintiff still has set forth no plausible allegations that he is in imminent danger of serious physical injury, and therefore cannot litigate in federal court without paying the filing fee. Judge Pesto is absolutely correct. Plaintiff subsequently objected to the September 23, 2020, Report and Recommendation [Doc. 12]. His objections, however, are unavailing as he yet again has made no attempt to allege imminent danger which would permit him to proceed without paying the filing fee.

### IV. Conclusion

The PRLA is clear that a prisoner who on 3 or more prior occasions has had a court action dismissed on the grounds that it is frivolous, malicious, or fails to state a claim, shall not bring any civil action without paying the required filing fee unless he is under imminent danger of serious physical injury. Plaintiff does not dispute that he qualifies as a three-strike litigant. As Judge Pesto noted, "[i]t is precisely because Congress found repetitive filing of meritless prisoner suits

4

to be a disproportionate share of federal filings that it attempted to filter out the bad claims by reforms such as the PLRA's "three-strikes" rule." [Doc. 6 at 3]; *see Jones v. Bock*, 549 U.S. 199, 202-203 (2007).

The Court also wholeheartedly agrees with Judge Pesto's observation that "[b]ecause the goal of fairly dispensing justice is compromised by a court's use of its limited resources for the processing of repetitious and frivolous requests, a court can properly be said to have a 'duty to deny *in forma pauperis* status to those individuals who have abused the system.' *In re Sindram*, 498 U.S. 177, 179-80 (1991)." [Doc. 6 at 2-3].

Plaintiff is abusing the system with his repetitious and frivolous filings in this case. Among those filings is an untimely and multiplicitous pleading filed after this case already was dismissed with prejudice seeking unavailable and inappropriate relief, including an attempt to reopen an entirely separate case before a different judge, the appeal from which was dismissed by the Third Circuit Court of Appeals. He untimely filed objections to the initial Report and Recommendation after the case was dismissed, then filed objections to both the second and third Reports and Recommendations. Yet in none of his repetitive filings has he even attempted to address the reason his case was dismissed – his failure to pay the required filing fee or to allege imminent danger of serious physical injury, which would permit him to proceed without the payment of that fee.

This case has been dismissed with prejudice and Plaintiff's motion to alter or amend that ruling will be denied in the following order. Plaintiff is advised that the Court will not consider any further motions, pleadings, notices, or correspondence in this case, and any such filings will be summarily denied. If Plaintiff does not agree with the Court's rulings in this case, his recourse is to file an appeal with the United States Court of Appeals.

Accordingly, the following order is entered:

5

## ORDER OF COURT

AND NOW, this 25th day of February, 2021, IT IS ORDERED that Plaintiff's objections [Doc. 9] to the Magistrate Judge's Order and Report and Recommendation entered on August 25, 2020 [Doc. 6] hereby are **overruled**; and,

IT FURTHER IS ORDERED that, for the reasons set forth in the Magistrate Judge's Order and Report and Recommendation entered on August 25, 2020 [Doc. 6], which is adopted in whole as the opinion of the Court, that Plaintiff's pleading requesting multiple forms of relief [Doc. 5] herby is **denied** in its entirety; and,

IT FURTHER IS ORDERED that Plaintiff's objections [Doc. 12] to the Magistrate Judge's Order and Report and Recommendation entered on September 23, 2020 [Doc. 11], hereby are **overruled**; and,

IT FURTHER IS ORDERED that, for the reasons set forth in the Magistrate Judge's Order and Report and Recommendation entered on September 23, 2020 [Doc. 11], which is adopted in whole as the opinion of the Court, Plaintiff's motion to alter or amend judgment [Doc. 9], hereby is **denied**.

*/s/ Stephanie L. Haines*
Stephanie L. Haines
United States District Judge